UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PETER BROSNAN                                              CIVIL ACTION NO. 07-2018
NORMA BROSNAN

VS.                                                                        JUDGE DOHERTY

ALLSTATE INS. CO.                                          MAGISTRATE JUDGE METHVIN

*MEMORANDUM RULING ON JOINT MOTION TO WITHDRAW*
*NOTICE OF REMOVAL AND TO REMAND*
*Rec. Doc. 9*

Before the court is the Joint Motion to Withdraw Notice of Removal and to Remand filed on January 28, 2008. The parties seek an order withdrawing the Notice of Removal and remanding this case to the 14th Judicial District Court for the Parish of Calcasieu because the case does not meet the jurisdictional amount required to establish jurisdiction under 28 U.S.C. § 1332. In support of the motion, the parties submitted a "Binding Stipulation" signed by plaintiffs' counsel, which provides that plaintiffs do not seek damages in excess of $70,000, nor will they accept a judgment in an amount exceeding that amount.[1]

On January 8, 2008, the undersigned issued a Jurisdictional Amount Review stating:

> Plaintiffs allege that Hurricane Rita caused extensive damage to their home, its contents, the adjacent structures, and the landscaping, which were insured by defendant. The insurance policy had dwelling limits of $160,000.00, $16,000.00 for other structures, and a limit of $112,000.00 for personal property. In response to the claim filed by plaintiffs, defendant tendered $13,496.45. Plaintiffs allege that the tender was "woefully inadequate."[2] Plaintiffs seek compensatory damages for the hurricane damages, attorneys fees, and penalties. Although the petition states that the damages are less than $70,000.00, plaintiffs' counsel refused to sign a stipulation that established that the amount in controversy was less than $75,000.00 and that his clients would not accept a judgment that exceeded that amount.

---

[1] Exhibit A to Rec. Doc. 9.

[2] Rec. Doc. 1.

2

Considering the foregoing, the undersigned concludes that the required jurisdictional amount has been established, and no further briefing is required.[3]

The pending motion effectively requests that the undersigned reconsider the Jurisdictional Amount Review in light of the binding stipulation.

The jurisdictional amount must be assessed at the time of removal. <u>Gebbia v. Walmart Stores, Inc.</u>, 233 F.2d 880, 883 (5th Cir. 2000). Therefore, the stipulation will be considered only insofar as it sheds light upon the amount in controversy at the time of removal. <u>Allen v. R&H Oil & Gas Co.</u>, 63 F.3d 1326, 1336 (5th Cir. 1995). The removal statutes should be strictly construed in favor of remand. <u>Manguno v. Prudential Property and Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir.2002).

The parties have stipulated that the amount in controversy does not meet the jurisdictional threshold. In the previous ruling, the primary reason for the finding that the jurisdictional amount was established was that the plaintiffs had not stipulated that the amount in controversy was less than $75,000. The jurisdictional review was conducted in the absence of briefs by the parties; thus, plaintiffs did not have a prior opportunity to so stipulate.

Considering the foregoing, and that the joint motion establishes that the amount in controversy did not exceed $70,000 at the time of removal, remand is appropriate.

Signed at Lafayette, Louisiana, on January 31, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[3] Rec. Doc. 8.